# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MEDICAL SUPPLY CHAIN, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 05-2299-CM** |
| **NEOFORMA, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## **MEMORANDUM AND ORDER**

Pending before the court are plaintiff's Motion for Reconsideration (Doc. 80); plaintiff's counsel Ira Dennis Hawver's Motion to Withdraw (Doc. 81); plaintiff's Motion Under Rule 15 for Leave to Rewrite and Amend Complaint to Cure Any Defects Requiring Dismissal Remaining After Outcome of Reconsideration Motion (Doc. 92); plaintiff's Motion to Strike Documents # 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 93 (Doc. 95); and plaintiff's Motion to Rewind Action and Return Proceeding to the Western District of Missouri in the Interest of Justice Under 28 U.S.C. [§] 1631 (Doc. 102).

## **I.     Background**

On March 9, 2005, plaintiff Medical Supply Chain, Inc. ("Medical Supply") filed the above-captioned case in the United States District Court for the Western of District Missouri, case number 05-2010-CV-W-ODS.  Plaintiff brought suit against Neoforma, Inc.; Robert J. Zollars; Volunteer Hospital Association ("VHA"); Curt Nonomaque; University Healthsystem Consortium; Robert J. Baker; US Bancorp NA; U.S. Bank National Association; Jerry A. Grundhofer, Andrew Cesare;[1]

---

[1] Throughout the docket sheet, this defendant's last name was spelled numerous different ways.  The court will use "Cesare," the spelling most often used by defendants' counsel.

Piper Jaffray Companies; Andrew S. Duff; Shughart Thomson & Kilroy, P.C.;[2] and Novation, LLC. Plaintiff's 115 page complaint alleges sixteen counts including claims for price restraint under the Sherman Act, restraint of trade and monopolization under both federal and Missouri law, conspiracy, tortious interference with contract or business expectancy, breach of contract, breach of fiduciary duty, fraud, prima facie tort, and claims under RICO and the USA PATRIOT Act.

The Western District of Missouri court transferred the case to this court on July 14, 2005. On March 7, 2006, this court dismissed plaintiff's case after finding that each of plaintiff's federal claims failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), and declining to retain supplemental jurisdiction over plaintiff's state law claims. The court also found that claim preclusion barred several of plaintiff's claims. Furthermore, the court held that plaintiff's 115 page complaint violates Federal Rules of Civil Procedure 8(a) and 8(e)(1), and granted sanctions to defendants pursuant to Federal Rule of Civil Procedure 11(b) and 28 U.S.C. § 1927.

## II.     Analysis

### A.     Motion to Withdraw

On January 30, 2006, Bret D. Landrith withdrew as counsel for plaintiff after being disbarred from the practice of law in the State of Kansas on December 9, 2005 for violating Kansas Rules of Professional Conduct relating to competence, meritorious claims, candor toward the tribunal, fairness to opposing parties and counsel, respect for rights of third persons, and misconduct. On February 2, 2006, the court denied plaintiff's request to substitute Samuel K. Lipari, CEO of Medical Supply, as plaintiff for Medical Supply because although Medical Supply's corporate status was dissolved on

---

[2] Plaintiff's complaint names "Shughart Thomson & Kilroy Watkins Boulware, P.C." but the law firm's correct name is "Shughart Thomson & Kilroy, P.C.."

January 27, 2006, dissolution had not occurred at the time Mr. Lipari filed his motion to substitute. The court ordered Medical Supply to retain counsel because Mr. Lipari could not proceed *pro se* on behalf of a corporation. On February 7, 2006, Ira Dennis Hawver entered his appearance on behalf of Medical Supply.

Mr. Hawver requests that the court allow him to withdraw because Mr. Lipari no longer requires his representation. Attached to his motion to withdraw is Mr. Lipari's Entry of Appearance (Doc. 79), suggesting that Mr. Lipari intends to replace Mr. Hawver. But Mr. Lipari is not an attorney, and Mr. Hawver did not offer substitute counsel. The court finds that Mr. Hawver's motion does not comport with D. Kan. Rule 83.5.5, which requires withdrawing counsel without substitute counsel to "provide evidence of notice to the attorney's client containing (1) the admonition that the client is personally responsible for complying with all orders of the court and time limitations established by the rules of procedure or by court order and (2) the dates of any pending trial, hearing or conference." Mr. Hawver did not provide such notice to the court. As such, the court denies Mr. Hawver's motion to withdraw.

**B.     Mr. Lipari's Motions (Docs. 80, 92, 95 and 102)**

On March 14, 2006, one week after this court dismissed plaintiff's case, Mr. Lipari filed an Entry of Appearance (Doc. 79). Since that time, Mr. Lipari has filed four motions currently pending before the court. The question before the court is whether Mr. Lipari may represent Medical Supply or substitute himself for Medical Supply.

Because Medical Supply was incorporated under the laws of Missouri, the effect of corporate dissolution on pending litigation is governed by Missouri law. Pursuant to Mo. Ann. Stat. § 351.476.2(6), "[d]issolution of a corporation does not: . . . (6) Abate or suspend a proceeding pending by or against the corporation on the effective date of dissolution." *See also Reben v. Wilson*, 861

-3-

S.W.2d 171, 176 (Mo. App. E.D. 1993). Therefore, even though Medical Supply was dissolved, its corporate existence continues for purposes of proceeding with this litigation. Medical Supply remains the sole plaintiff in this case.

Moreover, Mr. Lipari cannot proceed *pro se* on behalf of Medical Supply because a *pro se* individual may not represent a corporation. *See Nato Indian Nation v. State of Utah*, 76 Fed. Appx. 854, 856 (10th Cir. 2003) ("Individuals may appear in court pro se, but a corporation, other business entity, or non-profit organization may only appear through a licensed attorney.") (citations omitted).

The court also finds that Mr. Lipari may not substitute himself for Medical Supply. Federal Rule of Civil Procedure 25(c), which governs the procedural substitution of a party after a transfer of interest, states: "In case of any transfer of interest, the action *may* be continued by or against the original party, *unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action*." Fed. R. Civ. P. 25(c) (emphasis added). As evidenced by the plain language of Rule 25(c), the court has discretion to allow Mr. Lipari to substitute. *Prop-Jets, Inc. v. Chandler*, 575 F.2d 1322, 1324 (10th Cir. 1978). The court declines to exercise its discretion, however, because this case has been dismissed, and substitution will not change that outcome.

Mr. Lipari also argues that because the court sanctioned him personally, the court should allow him to represent himself *pro se.* Mr. Lipari is mistaken. The court sanctioned Medical Supply, not Mr. Lipari. Although the court discussed Mr. Lipari's personal involvement in the litigation in its ruling opposing sanctions against plaintiff and plaintiff's counsel, it did so for the purpose of demonstrating plaintiff's culpability. It is irrelevant that Mr. Lipari, as Medical Supply's sole shareholder, is ultimately liable for plaintiff's sanctions.

For the above-mentioned reasons, the court strikes each of Mr. Lipari's pending motions, including Documents 80, 92, 95 and 102. Consistent with this ruling, the court cautions Mr. Lipari

against filling additional motions.  Of course, plaintiff may allow Mr. Hawver or other counsel to represent it.  But the court reiterates that it dismissed plaintiff's case with prejudice and sanctioned plaintiff for violations of Federal Rule of Civil Procedure 11(b) and 28 U.S.C. § 1927.  Plaintiff has a history of filing frivolous lawsuits and motions, for which the court has sanctioned plaintiff on several occasions.  Future attempts to resurrect this case could result in the court imposing additional sanctions.

**IT IS THEREFORE ORDERED** that Ira Dennis Hawver's Motion to Withdraw (Doc. 81) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Reconsideration (Doc. 80); plaintiff's Motion Under Rule 15 for Leave to Rewrite and Amend Complaint to Cure Any Defects Requiring Dismissal Remaining After Outcome of Reconsideration Motion (Doc. 92); plaintiff's Motion to Strike Documents # 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 93 (Doc. 95); and plaintiff's Motion to Rewind Action and Return Proceeding to the Western District of Missouri in the Interest of Justice Under 28 U.S.C. [§] 1631 (Doc. 102) are hereby stricken from the record.

Dated this 7th day of August 2006, at Kansas City, Kansas.

          s/ Carlos Murguia
          **CARLOS MURGUIA**
          **United States District Judge**