**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MEDICAL SUPPLY CHAIN, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) No. 05-2299-CM |
| | ) |
| **NEOFORMA, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

On March 31, 2008, this court issued an order striking a Rule 60(b) Motion from Samuel Lipari, directing Mr. Lipari to show cause why his filings have not violated Rule 11(b), and warning Mr. Lipari of possible sanctions (Doc. 127). This case is before the court on Mr. Lipari's filing entitled, "Plaintiff's Fed. R. Civ. P. 59(e), to Alter or Amend the Judgment and Answer to Order to Show Cause" (Doc. 128). To the extent that Mr. Lipari's filing is a motion, the court strikes the present filing from the record. In addition, the court prohibits Mr. Lipari from any future *pro se* filings in this case unless timely and proper objections are filed.

**I. Background**

The extended history of this case is discussed in more detail in previous orders of this court and of the Tenth Circuit (Docs. 78, 104, 118). The March 31, 2008 order by this court stated:

> [quoting the August 7, 2006 order] The court also finds that Mr. Lipari may not substitute himself for Medical Supply. Federal Rule of Civil Procedure 25(c), which governs the procedural substitution of a party after a transfer of interest, states: "In case of any transfer of interest, the action *may* be continued by or against the original party, *unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action*." Fed. R. Civ. P. 25(c) (emphasis added). As evidenced by the plain language of Rule 25(c), the court has discretion to allow

>Mr. Lipari to substitute. *Prop-Jets, Inc. v. Chandler*, 575 F.2d 1322, 1324 (10th Cir. 1978). The court declines to exercise its discretion, however, because this case has been dismissed, and substitution will not change that outcome.
>(Doc. 104).
>
>Since that filing the status of the parties has not changed. Mr. Lipari is not a plaintiff. The court does not have any notice that Mr. Lipari is now a licensed attorney. Without any intervening change in the interim, the previous conclusions regarding Mr. Lipari's ability to represent plaintiff apply to the present motion. For the above-mentioned reasons, the court strikes Mr. Lipari's pending motion (Doc. 122).
>
>Another portion of the court's previous order is also relevant. At that time, the court warned Mr. Lipari, stating "[c]onsistent with this ruling, the court cautions Mr. Lipari against filling additional motions. Of course, plaintiff may allow Mr. Hawver or other counsel to represent it . . . Future attempts to resurrect this case could result in the court imposing additional sanctions." Mr. Lipari's recent filings (Docs. 122, 125) appear to violate this warning.
>
>Additionally, Mr. Lipari's "Rule 60(b) Motion" misstates several resolved issues, making his arguments frivolous. Mr. Lipari accuses this court of having "bias against the plaintiff" that "clearly results from the court's disbelief that the conduct complained of by the plaintiff occurred." Mr. Lipari challenges the court by noting, "[t]he plaintiff's Missouri state law antitrust claims will be filed in Independence, Missouri unnecessarily duplicating the present litigation if the present federal claims are not reopened." Before the court addressed whether the present federal case should be reopened, Mr. Lipari filed a notice that he filed a "concurrent Missouri antitrust action [on] February 25, 2008 in . . . Independence Missouri." (Doc. 125).
>
>Mr. Lipari's actions and filings appear to violate Federal Rule of Civil Procedure 11(b). Under Rule 11(c)(1)(B), Mr. Lipari is directed to show cause within twelve days of this order why he has not violated Rule 11(b). **If Mr. Lipari fails to demonstrate that he has not violated Rule 11(b), this court will sanction Mr. Lipari by fine and filing restrictions.**
>(Doc. 127).

Mr. Lipari argues that the court must correct its prior order to correct two clear errors. First, Mr. Lipari asserts that there are intervening decisions that render the prior order inconsistent. To support this assertion, Mr. Lipari relies on an order from this court in another case, *Lipari v. U.S. Bancorp NA*, No. 07-cv-02146-CM-DJW ("*Lipari 2007*"). In an order denying in part a motion to dismiss in that case, this court stated:

>Missouri law does, however, allow a dissolved corporation to assign its claims to a third-party. *See, e.g., Smith v. Taylor-Morley, Inc.*, 929 S.W.2d 918 (Mo. Ct. App.

-2-

> 1996) (upholding dissolved corporation's written assignment of rights to a purchase contract). The assignee may sue to recover damages for the dissolved corporation's claims. *Id.* (holding assignee of dissolved corporation's rights under a purchase contract could sue for injuries to dissolved corporation for breach of the purchase contract). Here, plaintiff alleges that he is the assignee of all rights and interests of Medical Supply, including the claims in this lawsuit. Accepting as true all material allegations of the complaint and construing the complaint in favor of plaintiff, the court finds that plaintiff has met his burden at this stage of the proceeding. Defendant's motion is denied with respect to standing.

*Lipari v. U.S. Bancorp NA*, 524 F. Supp. 2d 1327, 1330 (D. Kan. 2007). Because Mr. Lipari considers this case and *Lipari 2007* to be "the same case or controversy," he concludes that he must be allowed to proceed as the assignee in this case. Second, Mr. Lipari contends that this court erred because it lacks the power to strike his motions.

In response to the show cause order, Mr. Lipari accuses the undersigned judge of "unlawfully instruct[ing] the Kansas District Court Clerk to violate established policies of the Kansas District Court" to not give Mr. Lipari proper notice. Mr. Lipari argues that this violates his rights to due process and voids the orders of this court.

**II.   Analysis**

As before, Mr. Lipari's status in this case remains unchanged. For the reasons given before, the court strikes Mr. Lipari's filing to the extent that it is a motion. While the court could conclude its analysis on prior logic alone, the court will briefly address the substantive merits of Mr. Lipari's filing for clarification.

Mr. Lipari requests this court reconsider its prior order. Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir. 1998); *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988). In exercising that discretion, courts in general have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of

new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Marx v. Schnuck Mkts., Inc.*, 869 F. Supp. 895, 897 (D. Kan. 1994) (citations omitted); D. Kan. Rule 7.3 (listing three bases for reconsideration of order); *see also Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) ("Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination."). "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Id.* at 505.

Here, Mr. Lipari bases his filing on the need to correct clear error or prevent manifest injustice that would result from this court issuing inconsistent rulings regarding his rights as an assignee of Medical Supply Chain, Inc. in this case and in *Lipari 2007*. This court's rulings in this case and in *Lipari 2007*, however, are not inconsistent. There are two key distinctions. First, the statuses of the two cases when the seemingly inconsistent orders were issued are remarkably different. In this case, the court first held that Mr. Lipari could not represent Medical Supply Chain, Inc., and could not substitute himself as a *pro se* plaintiff, five months after the court dismissed all of Medical Supply Chain's claims in this case, noting "The court declines to exercise its discretion [to substitute Mr. Lipari as a plaintiff] . . . because this case has been dismissed, and substitution will not change that outcome." (Doc. 104, at 4). This case has been dismissed. In contrast, the decision in *Lipari 2007* applied the judgment standards for a motion to dismiss for lack of standing, which require this court to accept as true all of Mr. Lipari's material allegations. Because this case and *Lipari 2007* are at different stages—this case being over, and the other at a relatively early stage—the court's judgment standards and analyses are necessarily different.

Second, the status of Mr. Lipari in relation to Medical Supply Chain, Inc. at the beginning of

this case is different from Mr. Lipari's status at the beginning of *Lipari 2007*. This case was filed on March 9, 2005. At that time, Medical Supply Chain, Inc. was the only identified plaintiff. Moreover, plaintiff did not file his notice to this court that he was the assignee of the interests of Medical Supply Chain, Inc. until May 17, 2006, identifying the date of assignment as January 27, 2006. When an assignment, or transfer, of interests takes place after the case has started, "the procedure to be followed is governed by Fed. R. Civ. P. 25(c)." *Froning's Inc. v. Johnston Feed Serv.*, 568 F.2d 108, 110 (8th Cir. 1978) (also noting that in the absence of a motion under Fed. R. Civ. P. 25(c) to substitute assignees as plaintiffs, "it is not error to continue the action in the name of the original parties."). Thus, in this case, the court analyzes Mr. Lipari's efforts to act as a plaintiff under Fed. R. Civ. P. 25(c), which allows for the court's discretion. Because this case has been dismissed, the court declines to substitute Mr. Lipari as a plaintiff. On the other hand, in *Lipari 2007*, Mr. Lipari filed that case in November 2006 as an assignee of the interests of Medical Supply Chain, Inc. from the beginning. Because he started *Lipari 2007* as a plaintiff, it is not necessary for the court to analyze whether to substitute him as a plaintiff under Fed. R. Civ. P. 25(c).

Because there are distinctions between the court's orders in this case and its order in *Lipari 2007*, the orders are not inconsistent. Because the rulings are not inconsistent, it is not necessary for the court to reconsider its prior order in this case to correct clear error.

Next, Mr. Lipari argues that the court erred by striking his motions because the court lacks authority to strike motions under the Federal Rules of Civil Procedure. Without addressing this court's authority under the Federal Rules of Civil Procedure, it is clear that this court has inherent authority to manage its docket to promote judicial efficiency and the "comprehensive disposition of cases." *See Hartsel Springs Ranch of Col. Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002). Moreover, this court has the inherent authority to impose sanctions to address abuses of the

judicial process. *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1227 n.15 (10th Cir. 2006). Striking filings is a method of sanctioning. *Lynn v. Roberts*, No. 03-3464-JAR, 2005 WL 3087841, at *6 (D. Kan. Nov. 1, 2006). Consequently, in the interests of judicial efficiency, this court's striking of Mr. Lipari's filings was appropriate.

Lastly, the court considers Mr. Lipari's response to the order to show cause why he has not violated Rule 11(b). Instead of attempting to explain or correct his filings, Mr. Lipari chose to accuse the undersigned judge of instructing the "Kansas District Court Clerk to violate established policies of the Kansas District Court," and of violating Mr. Lipari's due process rights.

A district court has the power to sanction a party who fails to follow local rules, federal rules, or a court order. *See Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003); *Lynn v. Roberts*, No. 01-3422-MLB, 2006 WL 2850273, at *6 (D. Kan. Oct. 4, 2006) (citing *Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1188 (10th Cir. 2003)). Filing restrictions are a method of sanctioning a party that persists in filing frivolous, malicious, or abusive filings. *See Custard v. Lappin*, 260 F. App'x 73, 73 (10th Cir. 2008). Filing restrictions are appropriate if they respond to "lengthy and abusive" litigation history. *Guttman v. Widman*, 188 F. App'x 691, 698 (10th Cir. 2006). The litigant must receive notice prior to the implementation of such restrictions. *Id.* The restrictions must be carefully tailored for the circumstances and provide guidelines for the litigant for how to obtain permission to file an action. *Id.*

This case has already been dismissed, but Mr. Lipari, who is not a plaintiff, persists in filing motions in this case. The court has warned him that if he continues to attempt to "resurrect" this case it could result in sanctions. Mr. Lipari has responded by filing repetitive motions in this case and by filing other cases in federal and state court that he contends are the "same case or controversy." Because Mr. Lipari has disregarded prior warnings and continues to attempt to act as

plaintiff in this dismissed case, **Mr. Lipari is prohibited from submitting any other filings in this case, 05-2299, unless he is represented by counsel in this case. Mr. Lipari has ten days to file an objection. If no valid objection is filed, the filing restrictions will take effect.**

**IT IS THEREFORE ORDERED** that Mr. Lipari's filing entitled, "Plaintiff's Fed. R. Civ. P. 59(e), to Alter or Amend the Judgment and Answer to Order to Show Cause" (Doc. 128) is stricken from the record.

**IT IS FURTHER ORDERED** that filing restrictions as defined above are imposed against Mr. Lipari.

Dated this 7th day of July 2008, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**