# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MEDICAL SUPPLY CHAIN, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 05-2299-CM |
| ) | |
| **NEOFORMA, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the motion for leave to file Rule 60(b) motion filed by interested party Samuel K. Lipari and plaintiff Medical Supply Chain, Inc. (Doc. 151). This case was closed on October 24, 2006. On August 7, 2006, the court entered an order striking several motions filed by Mr. Lipari (Doc. 104). In that order, the court cautioned Mr. Lipari against filing additional motions. The court also noted plaintiff's "history of filing frivolous lawsuits and motions" and noted that it had "sanctioned plaintiff on several occasions." (*Id*. at 5; Doc. 78 at 22–28.) The court noted that "[f]uture attempts to resurrect this case could result in the court imposing additional sanctions." (Doc. 104 at 5.) Plaintiff has also filed two other related cases in this court. (Case Nos. 02-2539, 03-2324.) Both cases were dismissed for failure to state a claim upon which relief could be granted.

Now, nearly seven years after this case was closed, Mr. Lipari and plaintiff—through attorney Ira Dennis Hawver—have filed a motion asking the court for leave to file a motion under Federal Rule of Civil Procedure 60(b). The court did not prohibit Mr. Lipari or plaintiff from filing motions through an attorney. For this reason, the instant motion is unnecessary. However, the court warns Mr. Lipari, plaintiff, and Mr. Hawver that much more specific information is required to file a properly-supported motion under Rule 60(b). Broad statements such as "exceptional circumstances" that "are

-1-

apparent from counsel's preliminary investigation into this matter" will not suffice. (Doc. 151 at 3.) Moreover, several subsections under Rule 60(b) have a one-year time limit. And for all subsections, the rule requires that motions be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Mr. Lipari, plaintiff, and Mr. Hawver are cautioned that a Rule 60(b) motion filed seven years after the case was closed must be supported by extraordinary circumstances. And all factual contentions should have substantial evidentiary support. Although the court grants Mr. Hawver leave to file a Rule 60(b) motion (even though leave is unnecessary), the court makes clear that it is not making any ruling on the merits of Mr. Hawver's potential motion. Any future motions will be closely examined for frivolity.

Finally, the motion mentions "subsequent claims" and "ongoing conduct" by defendants. (Doc. 151 at 3.) Mr. Lipari, plaintiff, and Mr. Hawver are cautioned that if they intend to assert additional claims against these defendants they must do so in a separate, new suit. **But, in doing so, Mr. Lipari, plaintiff, and Mr. Hawver should pay special attention to the court's warning about future attempts to resurrect this case and the possibility of additional sanctions for frivolous lawsuits and motions**. Although seven years have passed, the court holds firm on its promise to impose additional sanctions should Mr. Lipari, plaintiff, or Mr. Hawver choose to file additional frivolous lawsuits or motions.

**IT IS THEREFORE ORDERED** that the Motion for Leave to file Rule 60(b) Motion by Interested Party Samuel K. Lipari, Plaintiff Medical Supply Chain, Inc. (Doc. 151) is granted.

Dated this 5th day of September, 2013, at Kansas City, Kansas.

                                             **s/ Carlos Murguia**
                                             **CARLOS MURGUIA**
                                             **United States District Judge**